UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARY WESTPHAL, Individually and as
Parent and Natural Guardian of
J.D.W., an Infant,

                Plaintiffs,

   v.                                    **DECISION AND ORDER**
                                             10-CV-938S

TONAWANDA COKE CORPORATION; JAMES
DONALD CRANE; MARK KAMHOLZ; ABC
CORPORATIONS 1 through 20 (Fictitious Defendants);
DEF CORPORATIONS 1 through 20 (Fictitious
Defendants); JOHN DOES 1 through 20 (Fictitious
Defendants),

                Defendants.
_____

      Plaintiffs Mary Westphal and J.D.W., an infant, are residents of Tonawanda, New York. (Notice of Removal (Docket No. 1), Ex. A (Complaint) ¶¶ 1-2.) The named Defendants are Tonawanda Coke Corporation ("Tonawanda Coke"), James Donald Crane, and Mark Kamholz. (Compl. ¶¶ 3-6.) This case originally was filed in the New York State Supreme Court, County of Erie, but was removed by Defendants to this Court. (Notice of Removal at 1.)

      Pending before this Court is Plaintiffs' Motion to Remand this action back to the state court, along with a request for attorneys' fees.[1] (Docket No. 10.) Also pending is Defendant Tonawanda Coke's motion to dismiss several counts of the Complaint and to

---

[1] In support of their motion, Plaintiffs have filed the following: the affidavit of Charles H. Cobb, Esq. (Docket No. 12); a memorandum of law (Docket No. 14), and a reply memorandum (Docket No. 26). Defendants have filed a memorandum in opposition to Plaintiffs' motion. (Docket No. 23.)

1

strike several allegations within the Complaint (Docket No. 4),[2] and a motion by Defendants Crane and Kamholz to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[3]  (Docket No. 3.)

The Complaint states the following causes of action: (1) negligence; (2) gross negligence; (3) negligence *per se*; (4) strict liability; (5) absolute liability; (6) battery; (7) intentional infliction of emotional distress; (8) negligent infliction of emotional distress; (9) trespass; (10) nuisance; (11) unjust enrichment; and (12) "punitive damages."  (Compl. ¶¶ 59-113.)  Plaintiffs seek compensatory, exemplary, and punitive damages. (Compl. at pp. 25-27.)

In the related case of DeLuca, et al. v. Tonawanda Coke Corporation, et al., 1:10-CV-859, this Court found it lacked subject matter jurisdiction over the action and remanded that case back to the New York state court.  (Decision and Order, Case No. 1:10-CV-859, Docket No. 23. )

This Court has reviewed the Complaint and the parties' motions in this case.  For the reasons stated in the Decision and Order in DeLuca, this Court will grant Plaintiffs' motion to remand.  In short, Plaintiffs' Complaint does not assert any causes of action "arising under" federal law.  Accordingly, this Court lacks subject matter jurisdiction over this action, and it must be remanded to the state court.  Additionally, because this Court

---

[2] In support of its motion, Defendant Tonawanda Coke has submitted a memorandum of law (Docket No. 4); the declaration of Rick Kennedy (Docket No. 5); and a reply memorandum (Docket No. 25).  Plaintiffs have filed a memorandum in opposition to Tonawanda Coke's motion (Docket No. 18) and an affidavit in opposition to the motion with attachments (Docket No. 16).

[3] In support of their motion, Defendants Crane and Kamholz have submitted a memorandum of law (Docket No. 3); the declaration of Rick Kennedy (Docket No. 5); and a reply memorandum (Docket No. 24).  Plaintiffs have filed a memorandum in opposition to Crane and Kamholz's motion (Docket No. 19) and an affidavit in opposition to the motion with attachments (Docket No. 16).

does not possess jurisdiction over this case, Defendants' motions to dismiss will be denied without prejudice. This Court will deny Plaintiffs' demand for attorneys' fees for the reasons stated in the Decision and Order in <u>DeLuca</u>.

### ORDERS

IT IS HEREBY ORDERED, that Plaintiffs' Motion to Remand (Docket No. 10) is GRANTED.

FURTHER, that Plaintiffs' request for attorneys' fees (Docket No. 12 (Cobb Aff. ¶ 12)) is DENIED.

FURTHER, that the Clerk of the Court is directed to transfer Case No. 1:10-CV-938 to the New York State Supreme Court, County of Erie.

FURTHER, that the Clerk of the Court is directed to close the above-referenced case upon transfer to the New York State Supreme Court, County of Erie.

FURTHER, that Defendants Crane and Kamholz's Motion to Dismiss (Docket No. 3) is DENIED without prejudice.

FURTHER, that Defendant Tonawanda Coke's Motion to Dismiss (Docket No. 4) is DENIED without prejudice.

SO ORDERED.

Dated: August 25, 2011
      Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                                 Chief Judge
                                     United States District Court